IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>A NOVO BROAD BAND, INC.,<br>　　　　　Debtor.<br>_____<br>EXECUTIVE SOUNDING BOARD<br>ASSOCIATES, IN ITS CAPACITY AS<br>THE CHAPTER 11 LIQUIDATING TRUSTEE OF<br>THE DEBTOR,<br>　　　　　Plaintiff,<br>v.<br><br>AT&T WIRELESS SERVICES, INC.,<br>　　　　　Defendant.<br>_____ | )  Chapter 11<br>)<br>)  Case No. 02-13708 (PJW)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Adv. Proc. No. 04-57975 (PBL)<br>)<br>)<br>)<br>)<br>) |

**MOTION TO WITHDRAW THE REFERENCE OF ADVERSARY PROCEEDING**

Defendant AT&T Wireless Services, Inc. ("AT&T"), by and through its undersigned counsel, hereby moves the United States District Court for the District of Delaware (the "District Court") to enter an order, which withdraws the reference of the above-captioned adversary proceeding (the "Adversary Proceeding") from the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") to the District Court, and in support thereof, respectfully states as follows:

**FACTS**

1.　On December 17, 2004, Executive Sounding Board Associates, in its capacity as the Chapter 11 Liquidating Trustee (the "Plaintiff") of A Novo Broad Band, Inc. (the "Debtor") commenced the Adversary Proceeding by filing its Complaint against AT&T in the Bankruptcy Court.

2. On March 4, 2005, AT&T filed its *Answer, Affirmative Defenses, and Demand for Jury Trial of AT&T Wireless Services, Inc.* (the "Answer"). As suggested by its title, the Answer includes an express demand by AT&T for a jury trial with respect to all issues raised in the Adversary Proceeding.

3. On April 15, 2005, the Bankruptcy Court entered a *Scheduling Order* (the "Scheduling Order"), which, among other things, sets deadlines for discovery in the Adversary Proceeding.

4. On June 3, 2005, the Bankruptcy Court entered an *Order Assigning Adversary Proceeding to Mediation and Setting Mediation Deadlines* (the "Mediation Order"). The Mediation Order requires mediation of the Adversary Proceeding (the "Mediation") to be completed by August 2, 2005 and schedules the Adversary Proceeding for trial before the Bankruptcy Court on October 11, 2005 (the "Trial Date").

**RELIEF REQUESTED AND ARGUMENT IN SUPPORT THEREOF**

5. AT&T hereby requests that the District Court enter an order that (i) withdraws reference of the Adversary Proceeding from the Bankruptcy Court to the District Court for purposes of conducting a jury trial with respect to all issues in the Adversary Proceeding, (ii) excuses AT&T from complying with the Scheduling Order and the Mediation Order, and (iii) schedules a status conference before the District Court for purposes of establishing a new scheduling order.

6. Under 28 U.S.C. § 1334, jurisdiction over all cases under, arising in or related to cases under title 11 of the United States Code is vested in district courts. Congress, however, provided that "[e]ach district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred

to the bankruptcy judges for the district." 28 U.S.C. § 157(a).  This district has so provided pursuant to a standing order of reference dated September 6, 2001, which orders that "effective October 6, 2001, the automatic reference of chapter 11 cases to the judges of the United States Bankruptcy Court for the District of Delaware shall be reinstated, pursuant to 28. U.S.C. § 157(a)."

7.       Notwithstanding the automatic reference to the Bankruptcy Court, 28 U.S.C. § 157(d) provides the authority, under certain circumstances, for the mandatory or discretionary withdrawal of the reference.  *See* 9 COLLIER ON BANKRUPTCY ¶ 5011.01 (Lawrence P. King et al. eds., 15th ed. revised, 2002).  28 U.S.C. § 157(d) provides as follows:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown.  The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

8.       Withdrawal of the reference of the Adversary Proceeding should be granted, pursuant to 28 U.S.C. § 157(d), because AT&T has exercised its right under the Seventh Amendment to the Constitution, and demanded a trial by jury.  It has consistently been held that the right to a trial by jury constitutes automatic "cause" to withdraw the reference.  *See, e.g., Torcise v. Community Bank of Homestead*, 131 B.R. 503, 508 (S.D. Fla. 1991); *In re American Expressways, Inc.*, 161 B.R. 707 (D. Utah 1993); *In re American Cmty. Servs., Inc.*, 86 B.R. 681 (D. Utah 1988) (holding cause to withdraw the reference automatically exists if party seeking withdrawal is entitled to jury trial under the Seventh Amendment).

9.       AT&T is entitled to a jury trial pursuant to the Seventh Amendment of the United States Constitution.  *See, e.g., Granfinanciera, S.A. v. Norberg,* 492 U.S. 33, 109 S.Ct. 2782, 106

L. Ed. 2d 26 (1989) (holding that entity who has not filed a proof of claim is entitled to a jury, if otherwise entitled under the Seventh Amendment when sued by the trustee to recover a transfer). AT&T did not file a proof of claim against the Debtor and, therefore, is entitled to a trial by jury.

10. A bankruptcy court may not conduct a jury trial absent the express consent of the parties, and if it is not specifically designated to conduct jury trials by the applicable district court. *See* 28 U.S.C. § 157(e) ("If the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specifically designated to exercise said jurisdiction by the district court and with the express consent of all the parties"). In this case, neither the District Court has designated the Bankruptcy Court to conduct jury trials, nor have both parties expressly consented to a jury trial held by the Bankruptcy Court.

11. As such, the Adversary Proceeding must be tried by a jury before District Court. *See In re Singer Co., N.V.*, No. 01 Civ. 0165 (NHP), 2002 WL 243779, at *4 (S.D.N.Y Feb. 20, 2002) (holding that a jury trial must occur before the district court because a party did not consent to the jury trial before the bankruptcy court). Accordingly, the reference should be withdrawn for purposes of adjudication and trial of the Adversary Proceeding.

12. Additionally, once reference of the Adversary Proceeding is withdrawn to the District Court, the District Court should conduct its own status conference and establish its own scheduling order. Accordingly, AT&T requests that the District Court grant it relief from the Scheduling Order, the Mediation Order, and schedule a status conference before the District Court following withdrawal of the reference.

## WAIVER OF OPENING BRIEF

13. AT&T waives its right to file an opening brief in support of the Motion, pursuant to Rule 7.1.2(a) of the Local Rules of the United States District Court for the District of Delaware.

WHEREFORE, AT&T prays for an Order withdrawing the Adversary Proceeding to the District Court for all purposes, relieving AT&T from the Bankruptcy Court's Scheduling Order and Mediation Order, scheduling a status conference before the District Court, and for such other relief as the District Court may deem just and proper.

Dated: June 9, 2005                    CONNOLLY BOVE LODGE & HUTZ LLP

**/s/ Christina M. Thompson**
Karen C. Bifferato (No. 3279)
Christina M. Thompson (No. 3976)
Connolly Bove Lodge & Hutz LLP
1007 N. Orange Street
PO Box 2207
Wilmington, DE  19899-2207
Telephone: (302) 658-9141
Facsimile: (302) 658-0380

and

Robert N. Gilbert, Esquire
CARLTON FIELDS, P.A.
222 Lakeview Avenue, Suite 1400
West Palm Beach, Florida 33401
Telephone: (561) 659-7070
Facsimile: (561) 659-7368

*Attorneys for AT&T Wireless Services, Inc.*

#400103